**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KESHALA LIDDELL | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 2875 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Ronald A. Guzman |
| OFFICER ECHOLS, as agent and employee | ) | |
| of THE COUNTY OF COOK, and | ) | |
| THE COUNTY OF COOK, a | ) | |
| Municipal Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT COOK COUNTY'S MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendant, COUNTY OF COOK, through its attorney, ANITA

ALVAREZ, State's Attorney of Cook County, by and through her assistant, Jill V. Ferrara,

moves to dismiss Plaintiff's Complaint at Law pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure. In support of this motion, the Defendant Cook County submits the following:

### INTRODUCTION

On May 10, 2010, Plaintiff filed a Complaint at Law ("Complaint") against Officer

Echols ("Echols") and Cook County. Plaintiff's Complaint alleges that on November 15, 2008,

minor Plaintiff was an inmate at the Cook County Juvenile Temporary Detention Center. *See*

*Plaintiff's Complaint at Law* at ¶ 10. The Complaint further alleges that at that time, Echols was

employed by Cook County as a guard at the JTDC. *See Plaintiff's Complaint at Law* at ¶¶ 2, 8.

According to minor Plaintiff, while Echols was acting within the nature and scope of her

employment for Cook County, she hit minor Plaintiff twice in the head with a telephone causing

injuries to her head. *See Plaintiff's Complaint at Law* at ¶¶ 9, 16, 19. Plaintiff claims that

despite knowledge of this conduct by Echols, Cook County took no action against Echols for her treatment of minor Plaintiff. *See Plaintiff's Complaint at Law* at ¶¶ 20, 21. Further, Plaintiff contends that Echols' actions amounted to an official policy of the JTDC or a widespread custom or practice. *See Plaintiff's Complaint at Law* at ¶ 22. Cook County is the not the employer for the Juvenile Temporary Detention Center. Because Cook County is not a proper party, Plaintiff's Complaint should be dismissed.

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must dismiss a claim if as a matter of law there is no set of facts the plaintiff could prove consistent with the pleadings that would entitle the plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S. Ct 2229 (1984). When considering a motion to dismiss, a court must accept the plaintiff's allegations as true, and view them, along with any reasonable inferences drawn from them, in the light most reasonable to the plaintiff. *Hishon*, 467 U.S. at 73; *Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F. 3d 728 (7th Cir. 1994). However, a court should avoid straining to find inferences not plainly apparent from the face of the complaint. *Coates v. Illinois State Bd. of Educ.*, 559 F.2d 445 (7th Cir. 1977). Courts, however, need not accept as true mere "legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002); *see also Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). Bare legal conclusions attached to narrated facts will not suffice to state a claim for which relief may be granted. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985).

The pleadings standard recently was addressed by the United States Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). In *Iqbal,* the Court reaffirmed its reasoning in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007), clarifying that it is not sufficient for a

plaintiff to allege merely a conceivable claim for relief; a plaintiff instead must plead a plausible claim. *Iqbal,* 129 S. Ct. at 1952. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted lawfully." *Id.* at 1949. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. A pleading that contains allegations of a mere possibility of misconduct does not establish that the pleader is entitled to relief and must be dismissed. *Id.* Plaintiff's Complaint at Law fails to meet this pleading standard.

## ARGUMENT

### I.       Cook County Should Be Dismissed Because It is Not a Proper Party.

Plaintiff has no valid claim against Cook County because Cook County was not the employer for the JTDC for the time period at issue. Cook County Public Act 095-194, effective January 1, 2008, provides that, "the administrator and all other necessary personnel of the shelter care home and detention home, shall be appointed by the Chief Judge of the Cook County Circuit Court or any Judge of that Circuit designated by the Chief Judge." However, in August 2007, the United State District Court for the Northern District of Illinois assumed control over the JTDC and appointed its own agent, Earl Dunlap, to operate the JTDC and act as Transitional Administrator. *See Doe v. Cook County*, Case No. 99 C 3945 (N.D. Ill.). Dunlap is effectively serving as an agent of the court during his tenure as JTDC Transitional Administrator, and in recognition of that fact, Dunlap's Appointment Order grants him absolute immunity from liability. Further, in Dunlap's Appointment Order, the court ruled that once Dunlap deems the JTDC is ready for turnover to the Chief Judge, the operational and administrative authority over the JTDC shall be transferred to the Chief Judge. To date, Dunlap has not made that transfer of power to the Chief Judge.

Notwithstanding, pursuant to statute, hiring decisions for the JDTC ceased to be under the authority and auspices of Cook County as of January 1, 2008. Cook County is not the employer or administrator of the JTDC. Rather, the Office of the Chief Judge of the Circuit Court of Cook County will have administrative and operational control of the JTDC once Dunlap transfers his appointed authority to the Chief Judge. 55 ILCS 75/3 (2007). Additionally, Cook County has no authority over the Office of the Chief Judge of Cook County. Pursuant to Article VI, Section 16 of the Illinois Constitution, the supervisory authority over the Office of the Chief Judge rests solely with the Illinois Supreme Court, and not with Cook County. Because Cook County was not the employer of Defendant Officer Echols at all relevant times, it had no knowledge of Defendant Officer Echols' alleged conduct at issue in the Complaint nor could Defendant Officer Echols' actions been a result of an official policy, custom or practice of Cook County. Therefore, Plaintiff's claims against Cook County fail and Cook County should be dismissed.

**II.     Plaintiff Fails to Plead a Cognizable Section 1983 Claim with Respect to Cook County under *Monell*.**

Even if Plaintiff could maintain an action against Cook County, Plaintiff's pleading also is defective in establishing municipal liability under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). Actions brought against government officers in their official capacities are actually claims against the government entity for which the officers work. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). Because Section 1983 does not recognize the theory of *respondeat superior* as a basis for liability, in an official capacity claim under Section 1983, plaintiff must allege that he suffered injuries of a constitutional magnitude as the direct result of an official policy, custom, or practice. *Monell*, 436 U.S. at 694.; *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989).

The Seventh Circuit has outlined what a plaintiff must allege to survive a motion to dismiss in an official capacity suit:

> The case law has identified three instances in which a municipality can be said to have violated the rights of a person because of its policy: (1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law," or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority."

*Baxter by Baxter v. Vigo County School Corp.,* 26 F.3d 728, 735 (7th Cir. 1994)(citations omitted). More importantly, a plaintiff must demonstrate that a municipality, through its own deliberate conduct, was the moving force behind the alleged injury. *County Comm'r of Bryan County v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 1388 (1997); *Polk County v. Dodson*, 454 U.S. 312, 102 S. Ct. 445 (1981). Moreover, boilerplate allegations of a municipal policy or custom, without any factual allegations to support the general allegations, are insufficient to state a § 1983 claim. *Hossman v. Blunk,* 784 F.2d 793, 797 (7th Cir. 1986); *Rodgers v. Lincoln Towing Service, Inc.,* 771 F.2d 194, 202 (7th Cir. 1985); *Strauss v. City of Chicago,* 760 F.2d 765, 767-769 (7th Cir. 1985).

In *Hossman,* the Court stated: "[a]lleging one specific incident in which the plaintiff suffered a deprivation and generally alleging a custom or policy will not be adequate; the plaintiff must allege a specific pattern or series of incidents that support the general allegation." *Id.; See also*: *Williams v. City of Chicago,* 525 F.Supp. 85 (N.D. Ill. 1981). In *Rodgers v. Lincoln Towing Service, Inc.,* 596 F.Supp. 13, 20 (N.D. Ill. 1984), the Court stated "[s]uch boilerplate allegations of an official policy, the existence of which is to be inferred not from something the municipality did but rather from its inaction, constitute one of the most prevalent forms of abuse in section 1983 actions."

Plaintiff's pleadings are insufficient to establish official capacity liability. Plaintiff has failed to allege the existence of any of the ways in which a *Monell* claim can be proven, including any facts sufficient to allege an express policy, a widespread practice, or a constitutional injury caused by a person with final policymaking authority. Plaintiff's single boilerplate allegation that "Defendant Echols' action amounted to either an official policy or, in the alternative, a widespread custom or practice," has consistently been held in this District as well as the Seventh Circuit as insufficient to state a Section 1983 claim. Accordingly, under *Strauss, Hossman, Rodgers*, as well as *Iqbal*, Plaintiff fails to state a claim against Cook County pursuant to 42 U.S.C. §1983 and her claim should be dismissed with prejudice.

## III. Plaintiff's Claim for Punitive Damages Against Cook County Should be Dismissed.

In the Complaint, minor Plaintiff seeks punitive damages against Cook County. It is well-settled that a municipality is immune from punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Accordingly, any claims for punitive damages sought against Cook County should be dismissed.

## CONCLUSION

For the foregoing reasons, this Court should dismiss, with prejudice, Plaintiff's Complaint at Law against Cook County.

Respectfully submitted,
ANITA ALVAREZ
State's Attorney of Cook County

By:     */s/  Jill V. Ferrara*
Jill V. Ferrara
Assistant State's Attorney
Torts / Civil Actions Bureau
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-4320