UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KESHALA LIDDELL, a minor by her Mother and Father and Next Friends, NIKEIA LIDDELL and ALBERT MOTLEY, | ) ) ) ) | |
| Plaintiffs, | ) ) | 10 C 2875 |
| vs. | ) ) ) | Honorable Judge Ronald A. Guzman |
| OFFICER ECHOLS, as agent and employee of THE OFFICE OF THE CHIEF JUDGE OF THE CIRCUIT COURT OF COOK COUNTY, a municipal corporation and THE OFFICE OF THE CHIEF JUDGE OF THE CIRCUIT COURT OF COOK COUNTY, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT THE OFFICE OF THE CHIEF JUDGE OF THE
CIRCUIT COURT OF COOK COUNTY'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AT LAW**

NOW COMES the Defendant, THE OFFICE OF THE CHIEF JUDGE OF THE CIRCUIT COURT OF COOK COUNTY ("Office of the Chief Judge"), through its attorney, ANITA ALVAREZ, State's Attorney of Cook County, by and through her assistant, Jill V. Ferrara, and hereby files its Reply in Support of Its Motion to Dismiss Plaintiff's Amended Complaint at Law ("Reply") as rebuttal to Plaintiff's Response to the Defendant's 12(B)(6) Motion ("Response") and states the following:

**ARGUMENT**

The Response fails to address the arguments set forth in The Office of the Chief Judge's Motion to Dismiss, the only defendant served at this time. Plaintiff merely attaches a Complaint at Law that was filed in the Court of Claims, Case No, 11 CC 0693, against only one defendant,

Officer Echols. Plaintiff indicates that in accordance with the law cited by the Office of the Chief Judge, she filed this additional lawsuit. The facts underlying the two cases are identical and the Court of Claims case sets forth the same cause of action against Officer Echols as the one before this Court. Yet, the Complaint at Law attached as Exhibit A to the Response, which only names Officer Echols as a defendant, serves as nothing more as Plaintiff's failure, once again, to name the proper parties in her actions.

The Office of the Chief Judge, as an office of the State of Illinois and as a component of state government (Ill. Const. Art. VI, § 7(c)), is immune from suit by the Eleventh Amendment in this court. Moreover, the Eleventh Amendment generally precludes Section 1983 suits against state officials in their official capacities because the state is the real party in interest and states themselves cannot be sued under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Suduth v. Donnelly*, 2009 U.S. Dist. LEXIS 27960, *14 (N.D. Ill. April 1, 2009)(Kendall, J.), aff'd, 2010 U.S. App. LEXIS 5292 (7th Cir. 2010); *see also Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 n. 54 (1978). Contrary to Plaintiff's contention, the lawsuit filed in the Court of Claims does not cure the defects in her pleadings before this Court. Neither does the lawsuit comply with the law cited by the Office of the Chief Judge in its Motion to Dismiss.

## CONCLUSION

For the reasons stated in the Defendant's Motions to Dismiss and the reasons stated herein, the Defendant respectfully requests this Court grant Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

Respectfully submitted,
ANITA ALVAREZ

                    State's Attorney of Cook County

By:    */s/ Jill V. Ferrara*
       Jill V. Ferrara
       Assistant State's Attorney
       Torts / Civil Actions Bureau
       500 Richard J. Daley Center
       Chicago, Illinois 60602
       (312) 603-4320