# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| KESHALA LIDDELL, a minor by her Mother and Father and Next Friends, NIKEIA LIDDELL and ALBERT MOTLEY, | ) ) ) ) ) | No. 10 C 2875 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| OFFICER ECHOLS, as agent and employee of the OFFICE OF THE CHIEF JUDGE OF THE CIRCUIT COURT OF COOK COUNTY, a Municipal Corporation, and the OFFICE OF THE CHIEF JUDGE OF THE CIRCUIT COURT OF COOK COUNTY, | ) ) ) ) ) ) ) ) ) ) | Honorable Judge Ronald A. Guzman |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT ECHOLS' MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT AT LAW**

NOW COMES, Defendant OFFICER ECHOLS, by and through her attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorney Patrick S. Smith, and pursuant to Rule 12(b)(6) of the Federal rules of Civil Procedure, move to dismiss Plaintiff's Amended Complaint at Law for failure to state a claim upon which relief can be granted and states as follows:

**INTRODUCTION**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. At the time of the alleged conduct, Plaintiff was an inmate at the Cook County Juvenile Temporary Detention Center (JTDC) and Defendant Echols was an employee at the JTDC. Plaintiff at the time of this

incident was being held on a probation hold. Thereafter, Plaintiff spent time in the Warrenville Illinois Youth Center for aggravated assault on a school security guard, a probation violation, a theft conviction, and is currently being detained for another parole violation. The Plaintiff has a history of aggressive behavior while in the JTDC, including multiple rule violation reports and has a history of assaulting JTDC staff.

## STANDARD OF REVIEW

When evaluating a motion to dismiss the court accepts a complaint's well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007) (citations omitted). The complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint's allegations must plausibly suggest that the plaintiff has a right to relief and raise the possibility of relief above a "speculative level." *Twombly*, 550 U.S. at 555. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009). This means a plaintiff must plead more than recitals of the elements of a cause of action. *See Ashcroft*, 129 S. Ct. at 1949-1950. Judges are not required "to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. The Seventh Circuit has denounced plaintiffs who simply recite statutory language of the claims they are pleading and do not provide any specific facts to ground those legal claims. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). Additionally, a plaintiff can "unwittingly plead himself out of court by asserting facts that preclude relief." *White v. Monohan*, 326 Fed. Appx. 385, 387 (7th Cir. 2009).

## ARGUMENT

### A. Plaintiff Fails to Allege a Constitutional Violation.

Plaintiff fails to allege a deprivation of rights secured by the constitution or laws of the United States. Plaintiff fails to state a claim under § 1983 because she fails to state what rights Defendant Echols allegedly violated. An actionable claim under § 1983 requires a plaintiff to plead deprivation of a right secured by the constitution or laws of the United States and that the deprivation was caused by an action under color of state law. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003). Section 1983 does not grant any substantive rights, but instead provides a remedy for violations of pre-existing rights. *Baker v. McCollan*, 443 U.S. 137, 144 n.3, (1979). Therefore, § 1983 claims must "specifically allege a violation of the Constitution or 'laws' of the United States." *Id*.

Plaintiff's complaint only alleges that Defendant's conduct was "violative of 42 U.S.C. Section 1983," the conduct complained of occurred under color of state law, and the conduct caused an injury. Plaintiff's complaint does not contain any allegations regarding what constitutional rights or laws Defendant's alleged conduct violated. Because Plaintiff's complaint fails to describe the alleged deprivation, Defendant Echols is not on notice of Plaintiff's claim for this reason the complaint must be dismissed.

### B. Defendant Echols is Immune from Suit in Federal Court According to the 11th Amendment.

Plaintiff alleges in her own complaint that Defendant Echols is a state actor. (Am. Compl., ¶ 5). As a state actor, the defendant is immune from suits brought in federal court, thus the Plaintiff does not have proper jurisdiction. The 11th Amendment sovereign immunity doctrine provides that states cannot be sued in federal court by private parties or other states.

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, (1984) (*citing Employees of Dept. of Pub. Health & Welfare, Missouri v. Dep't of Pub. Health & Welfare, Missouri*, 411 U.S. 279, 280 (1973)). Based on the Plaintiff's own pleading and in her own words the Defendant is a state actor and the doctrine of sovereign immunity would apply. Thus Defendant Echols is immune from suit in federal court.

## CONCLUSION

WHEREFORE, this Court should dismiss Plaintiff's Amended Complaint at Law because it fails to state a claim upon which relief can be granted. Defendant prays that this court enter an order granting the above requests and award any relief this court deems fair and just.

Defendant Echols further requests this court grant Attorney Fees and costs to the Defendant, that are attributed to the tax payers of Cook County.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

/s/ Patrick S. Smith
Patrick S. Smith
Deputy Supervisor
Conflicts Counsel Unit
69 W. Washington, 20th floor
Chicago, Il 60602
(312) 603-1422