IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KESHALA LIDDELL, a minor by her )
Mother and Father and Next Friends, )
NIKEIA LIDDELL and ALBERT )
MOTLEY, )
)
       Plaintiffs, )
) No. 2010 cv 2875
Vs. )
)
MARVA ECHOLS, )
       Defendant. )

## SECOND AMENDED COMPLAINT AT LAW

### COUNT I: FEDERAL CLAIMS

I. **JURISDICTION**

1. Jurisdiction is conferred on this court pursuant to the Eighth Amendment of the Constitution and 42 U.S.C. § 1983.

2. PARTIES

    Plaintiff: **KESHALA LIDDELL, a minor by her Mother and Father and Next Friends, NIKEIA LIDDELL and ALBERT MOTLEY,**
    Address: 1429 E. 67th Place, 3rd Floor, Chicago, IL
    Defendant: Marva Echols, At all times relevant hereto, Defendant ECHOLS was a guard at the Cook County Juvenile Temporary Detention Center.

3. This action is brought pursuant to the Eighth Amendment of the Constitution, which states as follows:

**Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.**

This action is further brought pursuant to Section 1983 of 42 U.S.C., which states as follows:

**Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,**

1

**shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress**

4. Venue is invoked pursuant to 28 U.S.C. Section 1391.

5. Defendant is a "state actor" within the meaning of Section 1983.

6. Defendant's conduct is violative of 42 U.S.C. Section 1983.

7. The conduct complained of in this action involves:

   a. acts under color of state law that caused the deprivation of the minor plaintiff's rights;

   b. acts under color of state law that caused injuries to the minor plaintiff.

## II. FACTS

8. At all times relevant hereto, the Defendant ECHOLS was employed as a guard at the Cook County Juvenile Temporary Detention Center.

9. At all times relevant hereto, the Defendant ECHOLS was acting within he nature and scope of her employment for the Cook County Juvenile Temporary Detention Center

10. On and prior to November 15, 2008 the minor plaintiff was a resident at the Cook County Juvenile Temporary Detention Center (JTDC).

11. On November 15, 2008, the minor plaintiff overheard the Defendant ECHOLS and another guard talking about their supervisor.

12. The minor plaintiff told Defendant ECHOLS that she was first going to tell her supervisor and then her grandmother that they were talking about the supervisor.

13. At that time, Defendant ECHOLS told the minor plaintiff that she did not care who she told about the conversation.

14. Furthermore, at that time, Defendant ECHOLS had a telephone in her hand and was shaking the telephone at her.

15. When the minor plaintiff asked Defendant ECHOLS what she planned on doing with the telephone, Defendant ECHOLS told her that she was "going to hit her ass with it."

16. Defendant ECHOLS then grabbed the minor plaintiff's arm and as the minor plaintiff was trying to break away, Defendant ECHOLS hit the minor plaintiff twice in the head with the telephone, causing a gash to open up in her head.

17. Two guards came by while this was occurring, with one guard grabbed the minor plaintiff's left hand while the other one grabbed her right hand.

18. All the while, Defendant ECHOLS was pressing the telephone against the minor plaintiff's throat.

19. There was in force at the time of the occurrence a law of the United States of America that stated as follows:

    **Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.**

20. As such, Defendant was under a duty to comply with the Eighth Amendment of the United States Constitution that states as follows:

    **Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.**

21. As a direct and proximate result of one or more of the Defendant's violations of 42 USC Section 1983 and the Eighth Amendment, the Defendant inflicted on the Plaintiff punishment that was outside of the bounds of reasonable punishment and constituted punishment that was cruel and unusual.

22. As a direct and proximate result of one or more of the Defendant's violations of 42 USC Section 1983 and the Eighth Amendment, the Plaintiff sustained injuries and damages, to wit, a head injury with a laceration that required stitches for the repair of said injury.

## III. **CAUSES OF ACTION:**

actions that were taken under color of state law that proximately caused the deprivation of the Plaintiff's civil rights guaranteed by 42 USC Section 1983 and the Eighth Amendment of the United States Constitution.

24. **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff(s) request(s) that this Court grant the following relief:

a. monetary damages for the deprivation of civil rights;

b. punitive damages.

3

## COUNT II-PENDENT STATE CLAIMS

**NOW COMES** the Plaintiff, KESHALA LIDDELL, a minor by her Mother and Father and Next Friends, NIKEIA LIDDELL and ALBERT MOTLEY, and for Count II of her Complaint at Law against the Defendant MARVA ECHOLS, she states as follows:

1. At all times relevant hereto, the Defendant ECHOLS was employed as a guard at the Cook County Juvenile Temporary Detention Center.

2. At all times relevant hereto, the Defendant ECHOLS was acting within he nature and scope of her employment for the Cook County Juvenile Temporary Detention Center

3. On and prior to November 15, 2008 the minor plaintiff was a resident at the Cook County Juvenile Temporary Detention Center (JTDC).

4. On November 15, 2008, the minor plaintiff overheard the Defendant ECHOLS and another guard talking about their supervisor.

5. The minor plaintiff told Defendant ECHOLS that she was first going to tell her supervisor and then her grandmother that they were talking about the supervisor.

6. At that time, Defendant ECHOLS told the minor plaintiff that she did not care who she told about the conversation.

7. Furthermore, at that time, Defendant ECHOLS had a telephone in her hand and was shaking the telephone at her.

8. When the minor plaintiff asked Defendant ECHOLS what she planned on doing with the telephone, Defendant ECHOLS told her that she was "going to hit her ass with it."

9. Defendant ECHOLS then grabbed the minor plaintiff's arm and as the minor plaintiff was trying to break away, Defendant ECHOLS hit the minor plaintiff twice in the head with the telephone, causing a gash to open up in her head.

10. Two guards came by while this was occurring, with one guard grabbed the minor plaintiff's left hand while the other one grabbed her right hand.

11. All the while, Defendant ECHOLS was pressing the telephone against the minor plaintiff's throat.

12. It was the duty of the Defendant, at all times relevant hereto, to avoid acting toward the Plaintiff in a way that would have constituted assault and battery.

4

13. Said duty notwithstanding, the Defendant acted or failed to act in one or more of the following ways that amounted to conduct constituting assault and battery:

   a. she threatened the Plaintiff with a telephone that she held in her hand and shook it at the Plaintiff;

   b. the Defendant told the Plaintiff that she was "going to hit her ass with it;"

   c. the Defendant grabbed the minor plaintiff's arm;

   d. the Defendant hit the minor plaintiff twice in the head with the telephone, causing a gash to open up in her head;

   e. Two guards came by while the foregoing actions were occurring, and one guard grabbed the minor plaintiff's left hand while the other one grabbed her right hand;

   f. the Defendant pressed the telephone against the minor plaintiff's throat.

14. As a direct and proximate result of one or more of the foregoing acts or omissions, the Plaintiff sustained injuries and damages, to wit, a head injury with a laceration that required stitches for the repair of said injury.

15. As a direct and proximate result of one or more of the foregoing acts or omissions, the Plaintiff sustained injuries and damages of a personal and/or a pecuniary nature and was caused to and did seek medical attention for said injuries, and suffered pain and suffering as a result, and was caused to and did become absent from her usual pursuits for a period of time.

   WHEREFORE, the Plaintiff, KESHALA LIDDELL, a minor by her Mother and Father and Next Friends, NIKEIA LIDDELL and ALBERT MOTLEY, prays judgment against the Defendant MARCA ECHOLS in an amount that is in excess of the jurisdictional amount of the United States Federal Court, Northern District of Illinois, plus her costs and attorney's fees.

_____
Scott Skaletsky

Scott Skaletsky
MENGES & MOLZAHN LLC
20 N. Clark Street, Suite 2300
Chicago, IL 60602
(312) 917-1880
ARDC # 6181405

5