# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KESHALA LIDDELL, a minor by her Mother and Father and Next Friends, NIKEIA LIDDELL AND ALBERT MOTLEY, | ) ) ) ) ) | 10 C 2875 |
| Plaintiffs, | ) ) | Judge Ronald A. Guzmán |
| v. | ) ) | |
| MARVA ECHOLS, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Keshala Liddell, a minor represented by Nikeia Liddell and Albert Motley, has sued Marva Echols for violating her rights as guaranteed by the Eighth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, and for assault and battery under state law. Before the Court is Echols' motion to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons provided in this Memorandum Opinion and Order, the Court denies the motion.

## Facts

Plaintiff Keshala Liddell ("Liddell") was a resident at the Cook County Juvenile Temporary Detention Center ("JTDC") on and prior to November 15, 2008. (2d Am. Compl. ¶ 10.) Defendant Marva Echols ("Echols") was employed as a guard at the JTDC during such

time. (*Id*. ¶ 9.) Liddell alleges that on November 15, 2008, she overheard Echols and another guard talking about their supervisor. (*Id*. ¶ 11.) After Liddell told Echols that she would notify Echols' supervisor about the conversation, Echols told Liddell that she did not care and then Echols began shaking the telephone she was holding in her hand at Liddell. (*Id*. ¶¶ 12-14.) When Liddell asked Echols what she planned on doing with the telephone, Echols replied that she was "going to hit her ass with it." (*Id*. ¶ 15.) After this exchange, Echols grabbed Liddell's arm. (*Id*. ¶ 16.) Liddell attempted to break away from Echols' grasp, and Echols hit her twice in the head with the telephone, causing a gash in her head that later required stitches. (*Id*. ¶¶ 16, 22.) Liddell claims two guards then held her down by her hands while Echols pressed the telephone against her throat. (*Id*. ¶¶ 17-18.)

## Discussion

Pursuant to Rule 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For purposes of a Rule 12(b)(6) motion to dismiss, a court must accept as true all of the facts in the complaint and draw all reasonable inferences in the non-movant's favor. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To survive a motion to dismiss, a complaint does not need detailed factual allegations, but it must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### I. Count I: Eighth Amendment Claim

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). Courts considering a claim for excessive force must

2

consider both an objective component, which considers whether the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation, and a subjective component, which asks whether the "officials act[ed] with a sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Echols argues that Liddell has not sufficiently alleged the objective or subjective component required of an excessive force claim. (Mot. Dismiss 4.) The Court addresses each component in turn.

The objective component of an Eighth Amendment claim is contextual and responsive to "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). However, the objective component cannot be predicated on a *de minimis* use of force. *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000). Instead, the quantum of force required for a constitutional violation is that which is "repugnant to the conscience of mankind." *Whitely v. Albers*, 475 U.S. 312, 327 (1986).

While "not every push or shove by a prison guard violates a prisoner's constitutional rights," *see DeWalt*, 224 F.3d at 620, Echols' act of hitting Liddell in the head twice with a telephone, causing an injury that required stitches, followed by holding the telephone to Liddell's throat after she had been restrained, supports a finding that Echols did not employ a *de minimis* use of force. *Compare Outlaw v. Newkirk*, 259 F.3d 833, 839 (7th Cir. 2001) (finding superficial injuries to prisoner's hand strongly suggested that force applied by officer was *de minimis*), and *Lunsford v. Bennett*, 17 F.3d 1574, 1582 (7th Cir. 1994) (finding that *de minimis* force was used when prison guard poured water on prisoner and caused bucket to hit prisoner on head), *with Hudson*, 503 U.S. at 10 (finding that prisoner's bruising, swelling, and loosened teeth

after being punched and kicked by officers supported a finding of more than a *de minimis* use of force), and *Thomas v. Stalter*, 20 F.3d. 298, 301-02 (7th Cir. 1994) (finding that officer who punched prisoner with a closed fist, while prisoner was held down by other officers, qualified as more than *de minimis* use of force). Thus, the Second Amended Complaint alleges sufficient facts to satisfy the objective component of an excessive force claim.

Next, Echols argues that because Liddell does not allege that Echols' conduct was maliciously or sadistically imposed, she does not satisfy the subjective component. (Mot. Dismiss 3.) Where a plaintiff alleges excessive force, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. In conducting this inquiry, a court must examine a variety of factors, including the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers and any efforts made to temper the severity of the force employed. *DeWalt*, 224 F.3d at 619 (citing *Hudson*, 503 U.S. at 7).

Liddell alleges that Echols' force was "outside of the bounds of reasonable punishment." (2d Am. Compl. ¶ 21.) In addition, she provides factual allegations that support a finding that Echols' actions were malicious and sadistic, rather than a good-faith effort to restore discipline. First, the need for Echols' application of force is not readily apparent because Liddell alleges she merely told Echols that she would tell her supervisor about Echols' conversation before Echols grabbed Liddell's arm and then hit her in the head with the telephone. Therefore, the relationship between any need to maintain or restore discipline and the force used by Echols

4

suggests that Echols used a more extreme method of force than necessary given the circumstances.  Next, because Liddell merely told Echols she would tell others about the conversation, there appears to be no reasonable threat to the safety of Echols or others.  Finally, Echols made no effort to temper the severity of a forceful response before resorting to hitting Liddell over the head with the telephone and subsequently holding the telephone to her throat after Liddell was restrained by two other guards.

In *Thomas v. Stalter*, the court held that the actions of an officer, who punched a restrained prisoner with a closed fist and then said "shut up," could be interpreted reasonably as establishing that such actions were not a good-faith effort to maintain or restore discipline, but rather done maliciously or sadistically to cause harm.  20 F.3d at 298.  Like the officer's punch to a restrained prisoner in *Thomas*, Echols' use of the telephone to press on Liddell's throat after she had already been restrained could reasonably be interpreted as establishing that Echols' actions were not a good-faith effort to maintain or restore discipline.  Thus, Liddell's allegations are sufficient to satisfy the subjective component of her excessive force claim.  Accordingly, the Court denies Echols' motion to dismiss Count I.

**II.  Count II:  Assault and Battery**

Echols' only argument for dismissing the state claims is that, absent viable federal claims, the Court should decline to exercise supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c).  Because the Court has denied Echols' motion to dismiss Liddell's federal claims, it follows that Echols' motion to dismiss Liddell's supplemental state law claims is also denied.

**Conclusion**

For the reasons set forth above, the Court denies Echols' motion to dismiss the Second Amended Complaint [doc. no. 52].

**SO ORDERED.**     **ENTERED: February 17, 2012**

_____

**RONALD A. GUZMAN**
**U.S. District Judge**